## * * SECTION 362 COVER SHEET * *

| | |
|---|---|
| *VICKI MURATORE* | *BK-S-10-16549-MKN* |
| DEBTOR | BANKRUPTCY #        MOTION # |
| *BAC HOME LOANS SERVICING, LP FKA* | |
| *COUNTRYWIDE HOME LOANS SERVICING,* | |
| *LP* | CHAPTER:   *7* |
| MOVANT | |

PROPERTY INVOLVED IN THIS MOTION:  *1385 Morning Sun Way, Las Vegas, NV  89110*

NOTICE SERVED ON:  Debtor(s)___x___; Debtor's counsel____x____; Trustee_____x___;

DATE OF SERVICE:  __06/07/10__

### MOVING PARTY'S CONTENTIONS:

The EXTENT and PRIORITY of LIENS:
  *BAC HOME LOANS SERVICING, LP FKA*
  *COUNTRYWIDE HOME LOANS SERVICING, LP*

| | |
|---|---|
| 1st | *$199,734.85* |
| 2nd | *BAC Home Loans/Countrywide $57,978.16* |
| 3rd | |
| 4th | |
| Total Encumbrances: | *$257,713.01* |

APPRAISAL of OPINION as to VALUE:
*Per Debtors Schedule A, Value is $206,712.00*

### DEBTOR'S CONTENTIONS:

The EXTENT and PRIORITY of LIENS:

| | |
|---|---|
| 1st | |
| 2nd | |
| 3rd | |
| Total Encumbrances: | |

APPRAISAL of OPINION as to VALUE:

### TERMS of MOVANT'S CONTRACT with the DEBTOR(S):

| | |
|---|---|
| Amount of Note: | *$282,000.00* |
| Interest Rate: | *5.0%* |
| Duration: | *15 years* |
| Payment per Month: | *$2,615.88* |
| Date of Default: | *Dec. 1, 2009- June 1, 2010* |
| Amount in Arrears: | *$19,907.17* |
| Date of Notice of Default: | *March 5, 2010* |

SPECIAL CIRCUMSTANCES:
*The undersigned counsel hereby certifies that an attempt has been made to confer with the debtor and/or debtor's counsel regarding the allegations raised in the subject Motion prior to the filing of the subject Motion, and despite a sincere effort to resolve the instant matter, the undersigned has been unable to resolve the matter without Court action. Property is being surrendered.*
            *Jeremy T. Bergstrom, Esq.*
SUBMITTED BY:   *Attorney for Movant*

SIGNATURE:   /s/ Jeremy T. Bergstrom, Esq.

### DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT:

.
.
.
.
.
.
.

SPECIAL CIRCUMSTANCES:

SUBMITTED BY: _____

SIGNATURE: _____

## "SECTION 362 COVER SHEET"

Jeremy T. Bergstrom, Esq.                                    E-filed on June 7, 2010
Nevada Bar No. 6904
MILES, BAUER, BERGSTROM & WINTERS, LLP
2200 Paseo Verde Pkwy., Suite 250
Henderson, NV  89052
(702) 369-5960 / FAX (702) 369-4955
E-mail: jbergstrom@mileslegal.com
File No. 10-91583

Attorneys for Secured Creditor,
BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: BK-S-10-16549-MKN |
| | Chapter 7 |
| VICKI MURATORE, | |
| | |
| Debtor(s) | |
| | |
| BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP, | **MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| Secured Creditor, | Date:   July 14, 2010 |
| | Time:  01:30 P.M. |
| vs | Estimated Time: 5 min. |
| VICKI MURATORE, Debtor(s), LENARD E. SCHWARTZER, Trustee, | |
| Respondent(s) | |

BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS

SERVICING, LP, its assignees and/or successor in interest ("Secured Creditor" herein), moves

1

1   this Court for an Order terminating the Automatic Stay so that Secured Creditor (and its Trustee)

2   may commence and continue all acts necessary to foreclose under the Deed of Trust secured by

3   Debtor's property, generally described as 1385 Morning Sun Way, Las Vegas, NV  89110

4   ("Property" herein).

5           There is currently a second "HELOC" Trust Deed upon the Property in favor of and/or

6   serviced by BAC HOME LOANS/ COUNTRYWIDE, securing a Promissory Note in an

7   unknown original amount.  The present unpaid principal balance of said Note is $57,978.16 as

8   listed on Schedule D-Creditors Holding Secured Claims of the Debtor's Schedules.  Attached

9   hereto as Exhibit "A" is a copy of Schedule D-Creditors Holding Secured Claims of the Debtor's

10  Schedules.  Secured Creditor will seek leave of Court to specify the amount of delinquency

11  thereon at the time of Hearing.

12          In the event Secured Creditor obtains title to the property at its foreclosure sale, Secured

13  Creditor will incur substantial fees and costs in reselling the Property.  Based on past experience

14  of the Secured Creditor, the additional cost is a minimum of eight to ten percent.  This cost is

15  primarily commission fees on resale, and title and closing costs.  Further, it is typical to incur

16  further expense for putting the property in marketable condition.

17          Secured Creditor alleges the value of the Property to be approximately $206,712.00 based

18  upon Schedule A-Real Property of the Debtor's Schedules. Attached hereto as Exhibit "B" is a

19  copy of Schedule A-Real Property of the Debtor's Schedules. Secured Creditor requests that the

20  Court take Judicial Notice, pursuant to Federal Rules of Evidence Rule 201, of the attached

21  Exhibit as to the issue of value of the subject Property.

22          Secured Creditor alleges that there is no equity with respect to the subject Property, that

23  Secured Creditor is not adequately protected and that cause exists, in that Secured Creditor is not

24  receiving its regular monthly payments, and/or that it would be unfair and inequitable to delay

2

1    Secured Creditor in the foreclosure of Secured Creditor's interest in the subject Property.  11

2    U.S.C. Section 362(d).

3         Secured Creditor is also entitled to attorney's fees and costs under the Note and Deed of

4    Trust securing Secured Creditor's claim, or alternatively under 11 U.S.C. 506(b) and such other

5    relief as the Court deems just and proper.

6

7                        **MEMORANDUM OF POINTS AND AUTHORITIES**

8                                   **STATEMENT OF FACTS**

9                                              **I**

10        This Secured Creditor is the servicer and/or beneficiary of a Promissory Note dated

11   January 3, 2003, in the principal amount of $282,000.00, which is secured by the above-

12   referenced Deed of Trust.  Copies of said Note and Deed of Trust are attached hereto as Exhibits

13   "C" and "D" and by this reference incorporated herein.

14        On or about April 14, 2010, Debtor commenced the current Chapter 7 Bankruptcy

15   proceeding in this Court.

16        The Debtor's total arrearages are broken down on the Supplemental Declaration by the

17   Secured Creditor on file herein.

18        Secured Creditor has elected to initiate foreclosure proceedings on the subject property

19   with respect to the subject Trust Deed, and a Notice of Default and Election to Sell was recorded

20   on March 5, 2010.

21   ///

22   ///

23   ///

24   ///

**SECURED CREDITOR IS ENTITLED
TO RELIEF FROM THE AUTOMATIC STAY
UNDER 11 U.S.C. SECTION 362(d)(2)**

**II**

11 U.S.C. Section 362(d) provides:

" (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay --

    (2) with respect to a stay of an act against property under subsection (a) of this section, if-

        (A) the debtor does not have an equity in such property; and

        (B) such property is not necessary to an effective reorganization..."

Subsection (2) of 11 U.S.C. Section 362(d) allows the court to grant relief from the automatic stay if the debtor does not have equity in the subject property and if the subject property is not necessary to an effective reorganization.  In In re San Clemente Estates, 5 B.R. 605 (S.D. Cal. 1980), the court stated that:

"Section 362(d)(2) reflects Congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, even where the debtor can provide adequate protection under Section 362(d)(1)." (Emphasis added.)

Id. 5 B.R. at 610.

In re Mikole Developers, Inc., 14 B.R. 524 (1981), involved a claim for relief under 11 U.S.C. Section 362(d)(2).  The court stated that in determining whether equity exists in the subject property, all encumbrances are totaled, whether or not all the lienholders have joined in the request for relief from stay.  Id. at 525.  The Ninth Circuit has concurred in this view in

4

1   Stewart v. Gurley, 745 F.2d 1194 (9th Cir. 1984); see also In re Mellor, 734 F.2d 1396 (9th Cir.

2   1984).  An appropriate cost of sale factor should also be added to determine if the debtor has any

3   equity in the property.  La Jolla Mortgage Fund v. Rancho El Cajon Associates, 18 B.R. 283,289

4   (Bankr. S.D. CA 1982).

5          In the present case, the Debtor has little or no equity in the Property, as evidenced by the

6   approximate market value compared to the total liens against the Property, principally that of

7   Secured Creditor herein.

8

9          **THE DEBTOR HAS THE BURDEN OF SHOWING THAT**
           **THE PROPERTY IS NECESSARY TO AN EFFECTIVE**
10         **REORGANIZATION, AND ABSENT SUCH A SHOWING**
           **RELIEF FROM STAY SHOULD BE GRANTED**
11

12                                      **III**

13         A creditor is entitled to relief from the automatic stay under Section 362(d)(2) unless the

14  debtor has met the burden of establishing that the property is "necessary to an effective

15  reorganization."  Section 362(g)(1) and (2) of the Bankruptcy Code, see In re Roselli, 10 B.R.

16  665 (Bankr. PA 1981).

17         "Effective" reorganization means that there must exist a reasonable possibility of such a

18  successful reorganization or rehabilitation.  In re Vieland, 41 B.R. 134, 142 (Bankr. Ohio 1984).

19  Since this is a Chapter 7 case, there clearly can be no effective reorganization.  Therefore, relief

20  from stay should be granted.

21         Further, pursuant to Debtor's Statement of Intentions, the Debtor intends on voluntarily

22  surrendering the subject Property.  A copy of the Debtor's Statement of Intentions is attached

23  hereto as Exhibit "E" and is incorporated herein by this reference.

24  ///

    ///

                                        5

1

2        WHEREFORE, Secured Creditor prays judgment as follows:

3        (1)   For an Order granting relief from Automatic Stay, permitting Secured Creditor to

4 move ahead with Foreclosure proceedings under Secured Creditor's Trust Deed, and to sell the

5 subject Property at a Trustee's Sale under the items of said Trust Deed including necessary

6 action to obtain possession of the Property.

7        (2)   For an Order waiving the 14-day stay provided by Bankruptcy Rule 4001(a)(3).

8        (3)   For an Order binding and effective despite any conversion of this bankruptcy case.

9        (4)   For attorney's fees and costs of suit incurred herein.

10        (5)   For such other relief as this Court deems appropriate.

11                            MILES, BAUER, BERGSTROM & WINTERS, LLP

12 Dated:   June 7, 2010       By:   /s/ Jeremy T. Bergstrom, Esq.

13                         Jeremy T. Bergstrom, Esq.
                           Attorney for Secured Creditor

14 **10-91583/nvmrs.dot/sla**

15

16

17

18

19

20

21

22

23

24

6

Jeremy T. Bergstrom, Esq.
Nevada Bar No. 6904
MILES, BAUER, BERGSTROM & WINTERS, LLP
2200 Paseo Verde Pkwy., Suite 250
Henderson, NV 89052
(702) 369-5960 / FAX (702) 369-4955
E-mail: jbergstrom@mileslegal.com
File No. 10-91583

Attorneys for Secured Creditor,
BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>VICKI MURATORE,<br><br><br>                 Debtor(s) | Case No.: BK-S-10-16549-MKN<br>Chapter 7 |
| BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP,<br><br>              Secured Creditor,<br><br>vs<br><br>VICKI MURATORE, Debtor(s), LENARD E. SCHWARTZER, Trustee,<br><br>             Respondent(s) | **PROPOSED<br>ORDER TERMINATING THE<br>AUTOMATIC STAY**<br><br>Date:  July 14, 2010<br>Time: 01:30 P.M. |

1

1    The Motion for Relief having been properly served, with no opposition filed herein, the

2    Court makes its Order as follows:

3    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Automatic Stay in

4    the above-entitled Bankruptcy case is hereby terminated as to the Debtor and the Trustee in favor

5    of Secured Creditor, BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME

6    LOANS SERVICING, LP, as it pertains to the following described property: 1385 Morning Sun

7    Way, Las Vegas, NV  89110 ("Property" herein) and legally described as follows:

8    PARCEL ONE (1) AS SHOWN BY MAP THEREOF ON FILE IN FILE 24 OF
     PARCEL MAPS, PAGE 33, IN THE OFFICE OF THE COUNTY RECORDER
9    OF CLARK COUNTY, NEVADA.

10

11    IT IS SO ORDERED.

12    Submitted by:

13

14    DATED:  June 7, 2010                    By:   /s/ Jeremy T. Bergstrom, Esq.
                                              Jeremy T. Bergstrom, Esq.
15                                            Attorney for Secured Creditor
                                              BAC HOME LOANS SERVICING, LP FKA
16                                            COUNTRYWIDE HOME LOANS SERVICING,
                                              LP
17
      APPROVED/DISAPPROVED
18

19    DATED:_____    _____
                                      ZACHARIAH LARSON
20                                    Attorney for Debtor

21
      APPROVED/DISAPPROVED
22

23    DATED:_____    _____
                                      LENARD E. SCHWARTZER
24                                    Chapter 7 Trustee

2

(10-91583/nvots.dot/sla)
**ALTERNATIVE METHOD re: RULE 9021:**

In accordance with Local Rule 9021, the undersigned certifies:

_____ The court waived the requirements of approval under LR 9021.

__X__ This is a chapter 7 or 13 case, and either with the motion, or at the hearing, I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved or failed to respond to the document]:

_____ This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

_____ I certify that I have served a copy of this order with the motion, and no parties appeared or filed written objections.

|  | APPROVED | DISAPPROVED | NO RESPONSE |
|---|---|---|---|
| CHAPTER 7 TRUSTEE:<br>Lenard E. Schwartzer<br>2850 S. Jones Blvd. #1<br>Las Vegas, NV  89146 |  |  |  |
| ATTORNEY FOR DEBTOR:<br>Zachariah Larson<br>Larson & Stephens<br>810 S. Casino Ctr. Blvd., Ste. 104<br>Las Vegas, NV 89101 |  |  |  |

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

_____ /s/ Sara Aslinger _____
An Employee of Miles, Bauer, Bergstrom & Winters, LLP

###

3

EXHIBIT A

B6D (Official Form 6D) (12/07)

In re ___VICKI MURATORE_____,          Case No. _____
                                Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | Codebtor | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | Contingent | Unliquidated | Disputed | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | | |
| Account No. xxxxx3828 | | | | | OPENED 1/03/03 LAST ACTIVE 2/23/10 | | | | | |
| BAC HOME LOAN SERVICING ATTN: BANKRUPTCY DEPT. / MANAGING AGENT 450 AMERICAN STREET SIMI VALLEY, CA 93065 | | - | | | FIRST MORTGAGE 1385 MORNING SUN WAY, LAS VEGAS NV 89110 (INVESTMENT PROPERTY) | | | | | |
| | | | | | Value $          206,712.00 | | | | 179,827.00 | 0.00 |
| Account No. xxxx-xxxx-3828 | | | | | MORTGAGE | | | | | |
| BAC HOME LOAN SERVICING ATTN: BANKRUPTCY DEPT. / MANAGING AGENT 450 AMERICAN STREET SIMI VALLEY, CA 93065 | | - | | | 6721 S EASTERN AVE LAS VEGAS, NV 89119 (IN NAME OF GOT CHOCOLATE, LLC) AND 1385 MORNING SUN WAY, LAS VEGAS, NV (INVESTMENT PROPERTY) | | | | | |
| | | | | | Value $         1,500,000.00 | | | | 1,798,227.68 | 298,227.68 |
| Account No. xxxxxxxxxx3199 | | | | | HOME EQUITY LINE OF CREDIT | | | | | |
| BAC HOME LOANS/COUNTRYWIDE ATTN: BANKRUPTCY DESK/MANAGING AGENT 450 AMERICAN ST. SIMI VALLEY, CA 93065 | | - | | | 1385 MORNING SUN WAY, LAS VEGAS NV 89110 (INVESTMENT PROPERTY) | | | | | |
| | | | | | Value $          206,712.00 | | | | 57,978.16 | 57,978.16 |
| Account No. xxxxxxxxxx3101 | | | | | HOME EQUITY LINE OF CREDIT | | | | | |
| BAC HOME LOANS/COUNTRYWIDE ATTN: BANKRUPTCY DESK/MANAGING AGENT 450 AMERICAN ST. SIMI VALLEY, CA 93065 | | - | | | 6721 S EASTERN AVE LAS VEGAS, NV 89119 (IN NAME OF GOT CHOCOLATE, LLC) AND 1385 MORNING SUN WAY, LAS VEGAS, NV (INVESTMENT PROPERTY) | | | | | |
| | | | | | Value $         1,500,000.00 | | | | 226,434.96 | 226,434.96 |

___1___  continuation sheets attached

| | Subtotal (Total of this page) | 2,262,467.80 | 582,640.80 |
|---|---|---|---|

# Exhibit B

B6A (Official Form 6A) (12/07)

In re     **VICKI MURATORE**                                                    Case No. _____
                                                    Debtor

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| 1385 MORNING SUN WAY, LAS VEGAS NV 89110 | INVESTMENT PROPERTY | - | 206,712.00 | 486,523.83 |
| 6721 S EASTERN AVE LAS VEGAS, NV 89119 (IN NAME OF GOT CHOCOLATE, LLC) | INVESTMENT PROPERTY | - | 1,500,000.00 | 2,273,381.31 |
| 4531 ASPEN AVE., MOUNT CHARLESTON, NV 89124 | PERSONAL RESIDENCE | - | 338,249.00 | 207,422.00 |

| | | |
|---|---|---|
| Sub-Total > | 2,044,961.00 | (Total of this page) |
| Total > | 2,044,961.00 | |

__0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                                    Best Case Bankruptcy

# Exhibit C

MIN ████████████████

# NOTE

SIGNATURE GUARANTEED
LAWYERS TITLE OF NEVADA
BY _____

January 3, 2003          LAS VEGAS                    NEVADA
      [Date]                [City]                    [State]

1385 MORNING SUN WAY, LAS VEGAS, NEVADA 89110
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $     282,000.00     (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is
Guaranty Residential Lending, Inc.

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of          5.000     %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the   1st   day of each month beginning on   March 1, 2003          . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on   February 1, 2018          , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at   1300 S. Mopac Expressway,
Austin, TX 78746-6947                    or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $     2,230.04     .

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE  FIXED RATE NOTE -Single  Family- Fannie Mae/Freddie  Mac UNIFORM  INSTRUMENT

VO6D251
⬤ -5N (0008).01
VMP MORTGAGE FORMS - (800)521-7291

Form 3200 1/01

Initials:

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of    15      calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be      5.00    % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
VICKI L MURATORE                  -Borrower

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower

*[Sign Original Only]*

VO6D253

 -5N (0005).01

Form 3200 1/01

# Exhibit D

O2BT-O221 DC

Assessor's Parcel Number:   140-26-201-002

Return To:   GUARANTY RESIDENTIAL LENDING, INC.
             Banking & Shipping Dept.
             P.O. Box 2198
             Austin, TX  78768-2198
Prepared By:
             6310 Greenwich Drive, Ste. 240
             San Diego, CA  92122



Recording Requested By:

---

[Space Above This Line For Recording Data]

# DEED OF TRUST
MIN

---

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections
3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided
in Section 16.

(A) "Security Instrument" means this document, which is dated   January 3, 2003
together with all Riders to this document.
(B) "Borrower" is
VICKI L MURATORE AN UNMARRIED WOMAN

Borrower is the trustor under this Security Instrument.
(C) "Lender" is   Guaranty Residential Lending, Inc.

Lender is a   corporation
organized and existing under the laws of   NEVADA

NEVADA -Single Family- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS     Form 3029 1/01
U06NV01
(VMP) -6A(NV) (0106)
Page 1 of 15                    Initials: ___
    VMP MORTGAGE FORMS - (800)521-7291



Lender's address is 1300 South Mopac Expressway, Austin, TX 78746

(D) "Trustee" is FIRST AMERICAN TITLE INSURANCE COMPANY , A CALIFORNIA CORPORATION

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(F) "Note" means the promissory note signed by Borrower and dated January 3, 2003 The Note states that Borrower owes Lender TWO HUNDRED EIGHTY TWO THOUSAND & 00/100 Dollars

(U.S. $ 282,000.00 ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than February 1, 2018

(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

- [ ] Adjustable Rate Rider
- [ ] Balloon Rider
- [ ] VA Rider
- [ ] Condominium Rider
- [ ] Planned Unit Development Rider
- [ ] Biweekly Payment Rider
- [ ] Second Home Rider
- [ ] 1-4 Family Rider
- [ ] Other(s) [specify]

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(M) "Escrow Items" means those items that are described in Section 3.

(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to

UO6NV02

VMP®-6A(NV) (0108)

Page 2 of 15

Initials: _____

Form 3029 1/01

time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the      County                                                           [Type of Recording Jurisdiction]
of  Clark
                                                            [Name of Recording Jurisdiction] :


THE PORTION OF THE SOUTHWEST QUARTER (SE1/4) OF THE NORTHWEST QUARTER
(NW1/4) OF SECTION 26, TOWNSHIP 20 SOUTH, RANGE 62 EAST, M.D.B. & M.,
DESCRIBED AS FOLLOWS:

PARCEL ONE (1) AS SHOWN BY MAP THEREOF ON FILE IN FILE 24 OF PARCEL
MAPS, PAGE 33, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY,
NEVADA.


Parcel ID Number:   140-26-201-002                           which currently has the address of
1385 MORNING SUN WAY                                                                      [Street]
LAS VEGAS                                              [City], Nevada    89110    [Zip Code]
("Property Address"):

     TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

     BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option, and without further demand, may invoke the power of sale, including the right to accelerate full payment of the Note, and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold, and shall cause such notice to be recorded in each county in which any part of the Property is located. Lender shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. Reconveyance. Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs. Lender may charge such person or persons a fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law.

24. Substitute Trustee. Lender at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

25. Assumption Fee. If there is an assumption of this loan, Lender may charge an assumption fee of U.S. $           900.00                  .

UO6NV13

VMP®-6A(NV) (0106)

Page 13 of 15

Initials:

Form 3029  1/01

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____

_____                    _____ (Seal)
VICKI L MURATORE                                                                -Borrower

_____                    _____ (Seal)
                                                                                -Borrower

_____ (Seal)             _____ (Seal)
                      -Borrower                                                 -Borrower

_____ (Seal)             _____ (Seal)
                      -Borrower                                                 -Borrower

_____ (Seal)             _____ (Seal)
                      -Borrower                                                 -Borrower

UO6NV14

VMP-6A(NV) (0106)                    Page 14 of 15                    Form 3029  1/01

STATE OF NEVADA
COUNTY OF Clark

This instrument was acknowledged before me on January 3, 2003                by

VICKI L.  MURATORE



JUDY D. GUILBERT
Notary Public State of Nevada
No. 93-4370-1
My appt. exp. Nov. 30, 2005

Transamerica Real Estate Tax Service
1201 Elm Street
Dallas, Tx 75270
STE Mailroom Client 2938

-6A(NV)  (0108)                    Page 15 of 16            Initials:           Form 3029  1/01

U06NV15

EXHIBIT E

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## District of Nevada

In re  <u>VICKI MURATORE</u>                                            Case No. _____

                                                   Debtor(s)                   Chapter    <u>7</u>

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** - Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)

---

Property No. 1

| Creditor's Name:<br>**BAC HOME LOAN SERVICING** | Describe Property Securing Debt:<br>**1385 MORNING SUN WAY, LAS VEGAS NV 89110 (INVESTMENT PROPERTY)** |
|---|---|

Property will be (check one):
    ■ Surrendered                    ☐ Retained

If retaining the property, I intend to (check at least one):
    ☐ Redeem the property
    ☐ Reaffirm the debt
    ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
    ☐ Claimed as Exempt                          ■ Not claimed as exempt

---

Property No. 2

| Creditor's Name:<br>**BAC HOME LOAN SERVICING** | Describe Property Securing Debt:<br>**6721 S EASTERN AVE LAS VEGAS, NV 89119 (IN NAME OF GOT CHOCOLATE, LLC) AND 1385 MORNING SUN WAY, LAS VEGAS, NV (INVESTMENT PROPERTY)** |
|---|---|

Property will be (check one):
    ■ Surrendered                    ☐ Retained

If retaining the property, I intend to (check at least one):
    ☐ Redeem the property
    ☐ Reaffirm the debt
    ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
    ☐ Claimed as Exempt                          ■ Not claimed as exempt

---

B8 (Form 8) (12/08)                                                                                              Page 2

| Property No. 3 | |
|---|---|
| **Creditor's Name:**<br>**BAC HOME LOANS/COUNTRYWIDE** | **Describe Property Securing Debt:**<br>**1385 MORNING SUN WAY, LAS VEGAS NV 89110**<br>**(INVESTMENT PROPERTY)** |

Property will be (check one):
■ Surrendered                          □ Retained

If retaining the property, I intend to (check at least one):
□ Redeem the property
□ Reaffirm the debt
□ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
□ Claimed as Exempt                         ■ Not claimed as exempt

| Property No. 4 | |
|---|---|
| **Creditor's Name:**<br>**BANK OF AMERICA NA** | **Describe Property Securing Debt:**<br>**1385 MORNING SUN WAY, LAS VEGAS NV 89110**<br>**(INVESTMENT PROPERTY)** |

Property will be (check one):
■ Surrendered                          □ Retained

If retaining the property, I intend to (check at least one):
□ Redeem the property
□ Reaffirm the debt
□ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
□ Claimed as Exempt                         ■ Not claimed as exempt

B8 (Form 8) (12/08)                                                                                                    Page 3

| Property No. 5 | |
|---|---|
| **Creditor's Name:**<br>CHASE MANHATTAN MORTGAGE | **Describe Property Securing Debt:**<br>4531 ASPEN AVE., MOUNT CHARLESTON, NV 89124 |

Property will be (check one):
☐ Surrendered                    ■ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
■ Reaffirm the debt
■ Other.  Explain  <u>Debtor will retain collateral and continue to make regular payments.</u>  (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
■ Claimed as Exempt                              ☐ Not claimed as exempt

**PART B -** Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>CIT TECHNOLOGY | **Describe Leased Property:**<br>COPY MACHINE LEASE EXPIRES 2011 | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>■ YES        ☐ NO |

| Property No. 2 | | |
|---|---|---|
| **Lessor's Name:**<br>PENSKE TRUCK LEASING CO. | **Describe Leased Property:**<br>DELIVERY TRUCK LEASE EXPIRES 2013 | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>■ YES        ☐ NO |

| Property No. 3 | | |
|---|---|---|
| **Lessor's Name:**<br>STING SURVEILLANCE, LLC | **Describe Leased Property:**<br>SECURITY CAMERA, EXPIRES 2012 | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>■ YES        ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date  <u>April 14, 2010</u>                     Signature   <u>/s/ VICKI MURATORE</u>
                                                        VICKI MURATORE
                                                        Debtor